UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE ANTHONY CUEVAS,

    Petitioner,

vs.

GEORGE GALAZA, Warden,

    Respondent.

No. C 03- 5762 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. The matter is submitted.

## BACKGROUND

Petitioner was convicted of two counts of bringing and sending a controlled substance into a county jail and two counts of transporting, importing, selling, furnishing, administering, or giving away a controlled substance. Petitioner also admitted to three prior serious felony convictions for robbery. He was sentenced to prison for twenty-five years to life. This sentence is to be served consecutively with another sentence for eighty-five years to life imposed for a conviction of three counts of robbery. As grounds for habeas relief he asserts that: (1) His sentence of twenty-five years to life was disproportionate, hence cruel and unusual; and (2) his counsel's failure to argue that the sentence was cruel and unusual constituted ineffective assistance of counsel.

Petitioner does not dispute the following facts, which are taken from the opinion of the California Court of Appeal. See ex. 5 at 1.

> In 1998 and 1999 [petitioner] was an inmate at North County Jail. Because of an ongoing investigation, deputies were monitoring his phone calls. During one of the calls [petitioner] told his brother and his girlfriend how to send him heroin by mail to the jail. On April 17, 1998, [petitioner] received a small package containing heroin. In other monitored calls [petitioner] told his mother how to smuggle "stuff" into the jail by hiding it inside clothing. On March 10, 1999, [petitioner's] mother brought clothes to the jail for him. Heroin wrapped in cellophane was discovered inside the stitching of two tennis shoes.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must

be "objectively unreasonable" to support granting the writ.  *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

**B.   Issues Presented**

### 1.   Sentence of Twenty-five Years to Life

Petitioner argues that his sentence of twenty-five years to life is disproportionate to the offenses and constitutes cruel and unusual punishment in violation of the Eighth Amendment.

In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the Supreme Court held that relief may be granted to a prisoner in the few "exceedingly rare" and "extreme" cases where the punishment is "grossly disproportionate" to the crime.  *Id.* at 69, 73.  The Court also held that two consecutive twenty-five years to life sentences for a petty theft "third strike" offense were not "grossly disproportionate" and did not violate federal law.  *Id.* at 77.

In *Ewing v. California*, 538 U.S. 11, 29 (2003), the Supreme Court was clear that when a court reviews the disproportionality of a sentence, it "must place on the scales not only [petitioner's] current felony, but also his long history of felony recidivism. . . .  In imposing a three strikes sentence, the State's interest is not merely punishing the offense of conviction, or the "triggering" offense: 'It is in addition the interest . . . in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law." *Id.* at 29 (citing *Rummel v. Estelle*, 445 U.S. 263, 276 (1980)). The Court's rationale is simple:

Society is warranted in imposing increasingly severe penalties on repeat criminal offenders. "[A]t some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies," it is may be necessary "to segregate that person from the rest of society for an extended period of time." *Rummell*, 445 U.S. at 284-285.

The California Court of Appeal was clear that petitioner's narcotics offenses, though not inconsequential, did not by themselves lead to the long sentence. On the contrary, the court noted that petitioner "has been committing crimes or been incarcerated (and also committing crimes) almost without a break since 1984, spending only about six months out of jail in the past 12 years, during which time he is alleged to have committed six counts of robbery." Ex. 5 at 4. Under these circumstances, the sentence of twenty-five years to life is not one of the "exceedingly rare" and "extreme" cases that violate the principle of gross disproportionality, and the sentence cannot therefore constitute cruel and unusual punishment. *See Andrade*, 538 U.S. at 73.

Because petitioner's sentence did not violate the Eighth Amendment, the state courts' rejection of this claim was not "contrary to" or "an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).

**2.   Ineffective Assistance of Counsel**

Petitioner alleges that trial counsel was ineffective for failing to argue that the imposition of the twenty-five years to life sentence under Three Strikes was cruel and unusual punishment.

A habeas petitioner claiming ineffective assistance of counsel must (1) demonstrate that his lawyer's representation was deficient, and (2) that the deficient representation prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To determine whether representation was deficient, a court must consider "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Id.* at 688. A court's review of the adequacy of legal assistance is highly deferential, and there is a strong presumption that counsel provides adequate assistance. *Id.* at 690.

4

Here, petitioner fails to show either that counsel's representation was deficient or that it prejudiced his defense. Because petitioner's claim of cruel and unusual punishment is without merit, counsel's failure to raise the claim was not deficient performance, *see Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) (trial counsel cannot have been ineffective for failing to raise a meritless motion), and for the same reason counsel's failure to raise it did not prejudice him.

Petitioner's Sixth Amendment right to effective assistance of counsel was not violated, so the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 24, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.03\CUEVAS5762.RUL.wpd